UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM MATHEW LEVEQUE,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN COLVIN,<br><br>    Defendant. | Case No. 15-cv-03851 NC<br><br>**ORDER REQUIRING PARTIES TO FILE JOINT SUMMARY OF THE RECORD**<br><br>Re: Dkt. No. 4 |

As set forth in the Procedural Order for Social Security Review Actions (Dkt. No. 4), this matter will be deemed submitted for decision without oral argument based on the parties' motions for summary judgment and/or remand. In connection with their motions, the parties shall file either a joint statement or separate statements of the Administrative Record, summarizing: (1) the procedural history of the case; (2) testimonial evidence from the hearing(s) before the Administrative Law Judge; and (3) all relevant medical evidence of record. Accordingly, the Court **ORDERS** the parties to meet and confer within 21 days of service of Defendant's answer for the purpose of determining whether they are able to file a joint statement of the Administrative Record or whether it is necessary for the parties to file separate statements.

//

Case No. 15-cv-03851 NC

**A.     Joint Statement of the Administrative Record**

If the parties are able to agree on a joint statement of the Administrative Record, the statement shall be signed by both parties and filed by the same deadline as Plaintiff's motion for summary judgment or for remand.  Each fact must be set forth in a separately numbered paragraph and cite to a specific portion of the Administrative Record where the fact finds support.

**B.     Separate Statements of the Administrative Record**

If the parties are unable to agree on a joint statement, they shall comply with the following requirements for separate statements of the Administrative Record.

  1.     <u>Plaintiff's Separate Statement of the Administrative Record</u>

At the time Plaintiff files the motion for summary judgment or for remand, Plaintiff must also file a statement, separate from the motion and memorandum of law, setting forth each fact from the Administrative Record on which Plaintiff relies in support of the motion.  Each fact must be set forth in a separately numbered paragraph and cite to a specific portion of the Administrative Record where the fact finds support.  A failure to submit a separate statement in this form may constitute grounds for denial of the motion.

  2.     <u>Defendant's Separate Statement of the Administrative Record</u>

At the time Defendant files the cross-motion for summary judgment or for remand, Defendant must also file a statement, separate from the motion and memorandum of law, setting forth: (a) for each paragraph of Plaintiff's separate statement, a correspondingly numbered paragraph indicating whether Defendant disputes the statement of fact as set forth by Plaintiff and, if disputed, a reference to the specific portion of the Administrative Record supporting Defendant's position; and (b) any additional facts from the Administrative Record on which Defendant relies in support of the motion.  Each additional fact must be set forth in a separately numbered paragraph and cite to a specific portion of the Administrative Record where the fact finds support.

//

1       3.      Reply Statement of Facts

2       If Defendant sets forth additional facts in the cross-motion, Plaintiff shall file a statement, separate from the reply brief, with correspondingly numbered paragraphs indicating whether Plaintiff disputes the statement of fact as set forth by Defendant and, if disputed, a reference to the specific portion of the Administrative Record supporting Plaintiff's position.

**IT IS SO ORDERED.**

Dated: January 19, 2016                             _____
                                                    NATHANAEL M. COUSINS
                                                    United States Magistrate Judge